UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOBBY ROGERS**                                            **CIVIL ACTION**

**VERSUS**                                                  **NO. 12-2453**

**CROSBY TUGS, INC.**                                       **SECTION "C" (1)**

ORDER AND REASONS

Before the Court is defendant Crosby Tugs, L.L.C.'s motion in limine to exclude plaintiff's proposed expert, Captain Donald Green. Rec. Doc. 15.  Plaintiff opposes the motion. Rec. Doc. 16.  Having considered the record, the memoranda of counsel and the law, the Court DENIES the motion for the following reasons.

**I. BACKGROUND**

Plaintiff Rogers brings this case by invoking the Jones act under General Maritime Law and diversity of citizenship jurisdiction. Rec. Doc. 1 at 1. Rogers alleges he was injured on or about May 14, 2012 on the M/V DELTA FANTASY while employed by Crosby Tugs, Inc. ("Crosby"). *Id.* at 2. Rogers is suing Crosby for damages based on the alleged negligence of the defendant and unseaworthiness of the vessel. *Id*. at 3.

**II. LAW AND ANALYSIS**

**A. Legal Standard for Admissibility of Expert Witnesses**

Rule 702 of the Federal Rules of Evidence mandates that a witness may be qualified as an

1

expert by "knowledge, skill, experience, training, or education." FED.R.EVID. 702.  A witness who is qualified as an expert may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.  *Id.*  A trial judge acts as a gate-keeper for admitting expert witnesses. *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (applying the *Daubert* standard to non-scientific expert testimony).  The gate-keeping responsibility applies to both scientific knowledge and matters requiring technical, or other specialized knowledge. *Kumho Tire Co., Ltd.*, 526 U.S. at 137.

The current standard for admissibility was articulated by the United States Supreme Court in *Daubert*. 509 U.S. at 589-90.  The *Daubert* Court began with the "baseline" principle that "all relevant evidence is admissible" unless excepted by the Constitution, a statute or rule and that the standard of relevance "is a liberal one." FED.R.EVID. 402; *Daubert*, 509 U.S. at 587-589.  The Court said: "the subject of an expert's testimony must be 'scientific . . . knowledge.' The adjective 'scientific' implies a grounding in the methods and procedures of science.  Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-590.

The Court suggested several factors that the trial court should use in determining reliability.  Of particular importance is whether "the theory or technique . . . can be (and has been)

2

tested." *Daubert*, 509 U.S. at 593. Another factor is whether the theory or technique has been subjected to evaluation by peer review and publication. A third factor is the known or potential rate of error in the technique and the existence and maintenance of standards governing its operation. A final consideration is whether the theory or technique has been generally accepted in the scientific community. *Id.*

The Court explained that the requirements for an expert as opposed to an ordinary witness were stringent because "an expert is permitted wide latitude to offer opinions including those that are not based on firsthand knowledge or observation." *Id.* at 592. The Court favored admission of evidence on the borderline. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional, and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596-97. A test of an expert's reliability should be based on the expert's methodology. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009), *citing Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670-71 (5th Cir. 1999). The degree of weight given to a reliable expert's testimony is a question for the jury. *U.S. v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996). The Court's role as a gatekeeper does not replace either the traditional adversary system, or the jury's place within the system. *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003).

**B. Admissibility of Captain Donald Green's expert testimony**

Defendant argues that (1) Captain Green's proposed testimony is not necessary for the

trier-of-fact to understand the evidence or to determine a fact in issue, and (2) Captain Green's opinions are not reliable. Rec. Doc. 15 at 4 & 7.

Defendant argues that Captain Green's assessment required no sort of scientific, technical, or specialized knowledge. To the contrary, the Court finds that Captain Green has specialized knowledge of the maritime industry as reflected on his resume. Rec. Doc. 16-3. Defendant cites to *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990), to argue that Captain Green's testimony is not "helpful" for the jury to understand the evidence in this case. In *Peters*, the Fifth Circuit upheld the trial court's decision to exclude an expert because the subject matter to which he was going to testify could be competently dealt with by "common sense and [the jury's] knowledge of the world." *Id.* at 449. In that case, the trial judge decided that the jury could properly assess whether moving equipment on the deck of a boat during heavy seas was appropriate. In other maritime cases, particularly others pertaining to mooring and tag lines, Courts have found that expert testimony was necessary because the subject matter is not within the common knowledge or experience of the average juror. *See Grissom v. Seal Fleet, Inc.*, No. 96-724, 1997 WL 644090, at *2 (E.D. La. Oct. 17, 1997); *Sorcic v. Sea Horse Marine, Inc.*, No. 97-2092, 1998 WL 175897, at *2 (E.D. La. Apr. 13, 1998). In the present case, the Court finds that expert testimony would be helpful because issues surrounding the tow line are not within the common knowledge of the jury. Rec. Doc. 16 at 2.

The Court does not agree that Captain Green's opinions are based solely on his personal experience. In his expert report, Captain Green highlighted the sources he had reviewed including Crosby's Operations and Safety Manual. Rec. Doc. 15-2 at 1. He also explained that he

4

had reviewed "safety procedures, federal rules and regulations. . ." in addition to drawing on personal experience and training. *Id.* at 2.

Accordingly,

IT IS ORDERED that defendant's motion in limine is DENIED. Rec. Doc. 15.

New Orleans, LA, this 16th day of May, 2013.

_____
HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE