UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY ROGERS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-2453** |
| **CROSBY TUGS, INC.** | **SECTION: "G"(3)** |

### ORDER

Pending before the Court is Defendant Crosby Tugs, L.L.C.'s "Motion to Bifurcate or, in the Alternative, to Continue or, in the Alternative, to Exclude Updated Life Care Plan."[1] On October 19, 2016, the Court granted Defendant's motion to expedite consideration of this matter.[2] Having considered the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion in part to the extent that it requests bifurcation of the issues of liability and damages and deny the motion in part to the extent that it alternatively requests to continue the trial. The Court also recognizes Rogers' stipulation that he will withdraw his updated Life Care Plan.

### I. Background

In this litigation, Plaintiff Bobby Rogers ("Rogers") alleges that he was employed by Defendant Crosby Tugs, L.L.C. ("Crosby Tugs") as a Jones Act Seaman on board the M/V DELTA

---

[1] Rec. Doc. 112.

[2] Rec. Doc. 114.

1

FANTASY.³ Rogers contends that on May 14, 2012, he was injured when a towline fell on him while he was working aboard the M/V DELTA FANTASY.⁴ Rogers alleges that on the day of the accident, he was ordered by Captain Daniel Guidry to go down to the deck of the vessel and assist the deckhands with the towline and deck equipment.⁵ Rogers asserts that Guidry improperly lowered the towline on him as he crossed under it.⁶ By contrast, Crosby Tugs asserts that Rogers bears sole responsibility for the injury he sustained.⁷ Crosby Tugs alleges that Rogers was injured when he "ill-advisedly and without warning" walked under a raised towline rather than taking either of two alternative paths that would have allowed him to avoid the towline altogether.⁸

Since his injury, Rogers alleges that he has undergone two sets of bilateral facet blocks, a two-level intradiskal electrothermal therapy (IDET) procedure, and a two-level posterior lumbar interbody fusion (PLIF) surgery.⁹ According to the parties, a procedure to implant a temporary dorsal column stimulator was scheduled for the week of October 17, 2016.¹⁰

Rogers filed his complaint on October 5, 2012.¹¹ Because Rogers' medical condition was uncertain and his medical treatment has been ongoing for several years, this matter has been

---

³ Rec. Doc. 1 at 2.

⁴ Rec. Doc. 115 at 2.

⁵ Rec. Doc. 116 at 5.

⁶ *Id.*

⁷ Rec. Doc. 112-1 at 1.

⁸ *Id.*; Rec. Doc. 15-1 at 1.

⁹ Rec. Doc. 115 at 2.

¹⁰ *Id.*

¹¹ Rec. Doc. 1.

continued a number of times.[12] The trial in this case is currently scheduled to commence on November 14, 2016, before this Court without a jury.[13] On October 18, 2016, Crosby Tugs filed the instant motion seeking to bifurcate the trial or, in the alternative, to continue the trial, or, in the alternative, to exclude Rogers' updated life care plan.[14] On October 24, 2016, Rogers opposed the motion.[15] On October 26, 2016, Crosby Tugs filed a reply.[16]

## II. Parties' Arguments

### A.  *Crosby Tugs' Arguments in Support of the Motion*

In its motion, Crosby Tugs asserts that Rogers has continued to seek medical treatment for the injuries he sustained four years ago, with the most recent procedure scheduled for the week of October 17, 2016.[17] Crosby Tugs argues that this will lead to "even greater damages" allegations and "new estimates of his alleged future damages."[18] Crosby Tugs avers that this matter has already been continued on at least three occasions due to the uncertainty of Rogers' medical condition.[19] Accordingly, Crosby Tugs submits that, to avoid any further delay, bifurcation of the liability and damages phases of trial "would be in the best interest of the parties and the Court's

---

[12] *See* Rec. Docs. 28, 45, 70. *See also* Rec. Doc. 112-1 at 3.

[13] Rec. Doc. 109 at 2.

[14] Rec. Doc. 112-1.

[15] Rec. Doc. 116.

[16] Rec. Doc. 125.

[17] Rec. Doc. 112-1 at 1, 3.

[18] *Id.* at 1.

[19] *Id.* at 3.

efficient administration of justice under Fed. R. Civ. P. 42(b)."[20] According to Crosby Tugs, bifurcation is permitted when it would avoid prejudice, be convenient to do so, or would be economical and would expedite the litigation.[21] Crosby Tugs represents that in *Derouen v. Hercules Liftboat Co., L.L.C.*, a court in the Eastern District of Louisiana found that bifurcation of the liability and damages phases of trial was warranted when the trial had already been continued twice and the plaintiffs' medical treatment was ongoing "with no completion in sight."[22] Here, Crosby Tugs avers that the accident happened four years ago, and Rogers' medical condition has repeatedly delayed the trial in this matter.[23] Crosby Tugs argues that because it asserts that Rogers is solely responsible for his injuries, bifurcation may eliminate the need for a damages phase of the trial.[24][25] Additionally, Crosby Tugs alleges that no party would be prejudiced, because the liability testimony would be the same at a bifurcated trial as it would be at a trial on all issues, and that bifurcation would be convenient, as liability can readily be presented at the upcoming trial date even though Rogers' medical condition remains uncertain.[26] Crosby Tugs further contends

---

[20] *Id.* at 2.

[21] *Id.* at 4 (citing *Derouen v. Hercules Liftboat Co., L.L.C.*, 2015 WL 349311, at *4 (E.D. La. Jan. 23, 2015) (Fallon, J.) (quoting *Laitram Corp. v. Hewlett–Packard Company*, 791 F. Supp. 113, 114 (E.D. La.1992) (Feldman, J.))).

[22] *Id.* (citing *Derouen*, 2015 WL 349311 at *5).

[23] *Id.* at 5.

[24] *Id.*

[25] *Id.*

[26] *Id.*

that it would expedite the litigation by allowing the parties to reach a settlement should the Court apportion fault between the parties.[27]

In the alternative, Crosby Tugs requests a continuance in order to allow it to evaluate the most recent medical procedure and engage in additional discovery.[28] Alternatively, Crosby Tugs asserts that the Court should strike Rogers' "Updated Life Care Plan," as the sudden medical procedure and concomitant increase in damages constitutes an "unfair, prejudicial, and speculative surprise on the eve of trial."[29]

### B.   *Rogers' Opposition to the Motion*

Rogers opposes the motion.[30] First, Rogers agrees to withdraw the most recent version of his life care plan and only rely upon the original plan at trial.[31] Second, Rogers avers that, in the Fifth Circuit, separating issues during trial "is not the usual course that should be followed" and is the exception rather than the rule.[32] Rogers alleges that Crosby Tugs improperly asserts in this motion that Rogers is solely liable for his injuries, which Rogers contends is an argument that should have been presented in a motion for summary judgment.[33] Rogers asserts that it will

---

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.* at 2, 6.

[30] Rec. Doc. 116 at 1.

[31] *Id.* at 1–3.

[32] *Id.* at 3 (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir.1976)).

[33] *Id.* at 4.

produce "clear evidence" that Crosby Tugs acted negligently and caused Rogers' injuries.[34] Thus, Rogers argues that this is not a case that should be bifurcated, and that the medical evidence will be "quite simple."[35] Moreover, Rogers avers that a bifurcated trial will provide less incentives for Crosby Tugs to settle this case than a full trial on the merits of all issues.[36] Finally, Rogers argues that a continuance is not necessary, as the success or failure of the most recent medical procedure will be known "immediately, and by the time of trial."[37]

C.   *Crosby Tugs' Reply to Rogers' Opposition*

In response, Crosby Tugs argues that bifurcation is best suited to streamline and resolve this litigation.[38] Crosby Tugs asserts that even a week after the scheduled date of the procedure, it has not received any medical information from either the physician or Rogers, and, in fact, still does not know whether the procedure was even performed.[39] According to Crosby Tugs, this uncertainty of Rogers' treatment and medical condition supports its motion.[40] Moreover, Crosby Tugs avers that Rogers "unilaterally noticed without prior communication" that the deposition for perpetuation at trial of Dr. Bradley Bartholomew, who was conducting the procedure, would be set for October 25, 2016, when Crosby Tugs was not available.[41] Crosby Tugs also states that

---

[34] *Id.* at 4–7.

[35] *Id.* at 8.

[36] *Id.* at 8–9.

[37] *Id.* at 9.

[38] Rec. Doc. 125 at 1–2.

[39] *Id.* at 2.

[40] *Id.*

[41] *Id.*

waiving the amended life care plan does not eliminate the uncertainty surrounding Rogers' current and future medical condition.[42]

### III. Law and Analysis

Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. In the Fifth Circuit, the decision to bifurcate a trial lies within the "sole discretion of the trial court."[43] When ordering a separate trial of issues pursuant to Rule 42(b), a court must ensure that bifurcation would not "result in unnecessary delay, additional expense, or some other form of prejudice."[44] Courts in the Eastern District of Louisiana have held that prejudice is the "most important consideration in deciding whether to order separate trials under Rule 42(b)."[45]

Here, Crosby Tugs argues that bifurcation of the liability and damages phases of trial is warranted because Rogers' medical condition remains uncertain in light of the additional surgical procedure scheduled for the week of October 17, 2016.[46] Crosby Tugs asserts that bifurcation would not prejudice any party, would be more convenient, and would expedite litigation.[47] Rogers, by contrast, argues that bifurcation is not warranted, as Crosby faces clear liability in this case and

---

[42] *Id.* at 3.

[43] *See First Texas Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992) (citing *Gonzalez-Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1992)); *Interstate Restoration Grp., Inc. v. Al Copeland Investments*, No. 07-0970, 2009 WL 1870787, at *2 (E.D. La. June 25, 2009) (Duval, J.).

[44] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (Feldman, J.); *Interstate Restoration Grp., Inc.*, 2009 WL 1870787, at *2.

[45] *Laitram Corp.*, 791 F. Supp. at 115; *Derouen v. Hercules Liftboat Co.*, No. 13-4805, 2015 WL 349311, at *5 (E.D. La. Jan. 26, 2015) (Fallon, J.).

[46] Rec. Doc. 112-1 at 1.

[47] *Id.* at 5.

resolution through settlement would be deterred.[48] The Court notes that Rogers argument appears to be that the damages phase is inevitable because Crosby Tugs is partially or entirely at fault, and not that he will be prejudiced if the issues of liability and damages were tried separately. However, bifurcation under Rule 42(b) of the Federal Rules of Civil Procedure does not turn on whether the damages phase of the trial will be inevitable, but rather if bifurcation would be convenient, avoid prejudice to the parties, or expedite the proceedings. By contrast, Crosby Tugs plausibly suggests that, in light of Rogers' most recent medical procedures one week before the Pre-Trial Conference and three weeks before trial, it will be unfairly prejudicial to Crosby Tugs if it was forced to litigate the evolving issue of damages at the upcoming trial date.[49]

Accordingly, the Court finds that bifurcation in this matter is proper. This matter has been pending for four years and has been continued at least three times due to Rogers' uncertain medical condition.[50] Rogers was fully aware that trial was set for November 14, 2016, since the Scheduling Order was issued on June 2, 2016, when he scheduled a surgery the week before the Pre-Trial Conference.[51] This necessarily disrupts the trial and pre-trial preparation of the Court and the opposing party. Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, this Court may bifurcate a trial for "convenience, to avoid prejudice, or to expedite and economize" the proceeding. Here, the Court finds that separating the issues of liability and damages would encourage judicial efficiency and avoid prejudice to Crosby Tugs. If the trial is not bifurcated,

---

[48] Rec. Doc. 116 at 3–4, 8.

[49] Rec. Doc. 112-1 at 6.

[50] *See* Rec. Docs. 28, 45, 70. *See also* Rec. Doc. 112-1 at 3. This case was transferred from Section C of the Eastern District of Louisiana on January 6, 2016 pursuant to Rec. Doc. 92.

[51] Rec. Doc. 109 at 2.

Crosby Tugs will either be forced to litigate damages without sufficient time to examine Rogers' most recent medical procedure or continue to wait while the liability phase of this trial is unnecessarily prolonged once again.[52] Furthermore, the issues of damages and liability here are "so distinct and separable" that a non-jury trial on liability alone "may be had without injustice" to either party.[53] Accordingly,

**IT IS HEREBY ORDERED** that Crosby Tugs "Motion to Bifurcate or, in the Alternative, to Continue or, in the Alternative, to Exclude Updated Life Care Plan"[54] is **GRANTED IN PART** to the extent that it requests bifurcation of the issues of liability and damages and **DENIED IN PART** to the extent that it alternatively requests to continue the trial. On November 14, 2016, the non-jury trial will be held on the issue of liability only.

**IT IS FURTHER ORDERED** that a separate non-jury trial on the issue of damages will be held on January 23, 2017, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the Court recognizes Rogers' stipulation that he will withdraw his updated Life Care Plan.

**NEW ORLEANS, LOUISIANA**, this 27th day of October, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[52] *See Derouen v. Hercules Liftboat Co.*, No. 13-4805, 2015 WL 349311, at *5 (E.D. La. Jan. 26, 2015) (Fallon, J.) (finding that bifurcating the liability and damages phases of trial would prevent additional delay and avoid the prejudice to the parties).

[53] *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

[54] Rec. Doc. 112.